IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELADIO CORONADO ACEVEDO,<br>A# 221-376-071,<br><br>    *Petitioner*,<br><br>V.<br><br>TODD M. LYONS, ICE Acting Director,<br>U.S. Immigration and Customs Enforcement;<br>and WARDEN, Karnes County Immigration<br>Processing Center, *et al.*,<br><br>    *Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-03420-FB |

## <u>ORDER GRANTING WRIT OF HABEAS CORPUS</u>

Before the Court are Petitioner Eladio Coronado Acevedo's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1), and the Federal Respondents' ("Respondents") response (ECF No. 3). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. Petitioner entered the United States in 2010, and on May 13, 2026, Immigration and Customs Enforcement apprehended and detained Petitioner. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

## DISCUSSION

In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas addressing whether Petitioner's detention violates due process and note any material factual differences. Respondents filed a full response, but chose not

to address whether the factual and legal issues presented in this case differ in any material fashion from those presented in the identified decisions. The Court therefore considers whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at \*3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

-3-

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** such that:

1.    Respondents are **DIRECTED** to **RELEASE** Petitioner Eladio Coronado Acevedo from custody, under reasonable conditions of supervision, to a public place no later than **June 11, 2026**.

2.    Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.    Respondents shall **FILE** a status report no later than **June 12 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 8th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE